Francis B. ROACH
v.
BOSTON TOW BOAT COMPANY.
Civ. A. No. 54–458.

United States District Court
D. Massachusetts.
July 2, 1956.

Joseph Schneider, Stanley H. Rudman, Schneider, Reilly, Rudman & McArdle, Boston, Mass., for plaintiff.

Seymour P. Edgerton, Bingham, Dana & Gould, Boston, Mass., for defendant.

FORD, District Judge.

Plaintiff is suing for personal injuries suffered in 1952 when he was thrown from an aircraft carrier on which he was working in Boston Harbor, allegedly because of the wash created by negligent operation of defendant's tow boat. Defendant has been taking the pre-trial deposition of Robert E. Hunt, an officer of the insurance company which insured plaintiff's employer under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. and which has paid compensation to plaintiff. Hunt testified that he had in his possession statements of three men working near plaintiff at the time of the accident, Monteiro, Forgione, and Kisel, taken by a representative of the insurance company in connection with plaintiff's compensation claim. He refused to produce these statements.

Hunt's objection is based on the contention that defendant has made no showing of good cause as required by Fed.Rules Civ.Proc. rule 34, 28 U.S.C.A. The requirement of Rule 34 does not appear to be applicable, since Hunt and the insurance company are not parties to this action, although the company does have an indirect interest, in that it has a claim to be reimbursed by plaintiff for its compensation payments if he recovers damages here. Even if rule 34 were applicable, the requirement of a showing of good cause has been met by defendant. Defendant has taken the depositions of Monteiro and Forgione. Kisel could not be found by the Marshal for service of a subpoena. The depositions of Monteiro and Forgione, taken in 1955, show that they have at least forgotten many details of the accident with the passage of time. The statements in question were taken three days after the accident. In addition, the same counsel represents plaintiff and the insurance company, so that these statements are presumably fully available to plaintiff.

Defendant's motion for an order to witness Hunt to produce the statements is allowed.