**Krystyna Rzepka POLUCH**

v.

**AMERICAN FAN COMPANY, et al.**

v.

**SHANKLIN CORPORATION,**
**Third–Party Defendant.**

**Civ. A. No. 86–0194–F.**

United States District Court,
D. Massachusetts.

April 12, 1988.

James H. Tourtelotte, David G. Carlson, Robinson, Donovan, Springfield, Mass., for plaintiff.

William G. White, Springfield, Mass., for defendants.

Ronald E. Oliveira, Cain, Hibbard, Pittsfield, Mass., for Shanklin.

### MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

MICHAEL A. PONSOR, United States Magistrate.

Defendant has moved for an order compelling the plaintiff to provide it with the

entire workers' compensation file, turned over to plaintiff's counsel by the workers' compensation carrier for plaintiff's employer. Certain portions of this file have already been disclosed, but nine categories of information, identified in a letter dated October 8, 1987, have not been produced.

Seven of the nine categories of information comprise data obtained by an investigation agency known as Creative Services on behalf of the employer's workers' compensation carrier. The court will allow the motion to compel with regard to these seven categories of information. The last two categories need not be produced.

Plaintiff's counsel concedes that, at the time the investigation was performed by Creative Services on behalf of the employer's workers' compensation carrier, no attorney/client privilege existed between plaintiff's counsel and the workers' compensation carrier. In fact, the court notes that, at the time of the investigation, the interests of plaintiff, then an injured workers' compensation claimant, and the workers' compensation carrier, were quite diverse. The investigation was obviously performed at that time to determine the nature and extent of plaintiff's injuries and the potential financial exposure of the workers' compensation carrier.

Now plaintiff has brought this products liability action against the manufacturer of the equipment allegedly responsible for plaintiff's injury. Subsequent to the completion of the investigation, but prior to the initiation of this litigation, plaintiff's counsel entered into an attorney/client relationship with the workers' compensation carrier. Thus, plaintiff's counsel now represents not only plaintiff's interests, but the interests of the workers' compensation carrier. Plaintiff's counsel contends that the workers' compensation carrier was always, in some sense, a *de facto* client, that the prospect of possible subrogation was always on the carrier's mind, and that therefore the information obtained by the compensation carrier's investigator is protected by attorney/client privilege, or by the qualified privilege for work product.

As noted, the court disagrees. First, no attorney/client relationship existed between plaintiff's counsel and the workers' compensation carrier at the time of the investigation. Thus, there is no attorney/client privilege. Second, similarly, the lack of any relationship at the time of the investigation eliminates the qualified work product privilege. It is worth noting, and plaintiff's counsel with admirable candor has conceded, that authority in this district is contrary to plaintiff's position. *Roach v. Boston Tow Boat Company,* 19 F.R.D. 267, 268 (D.Mass.1956).

For the foregoing reasons, the motion to compel is hereby ALLOWED. Plaintiff's counsel is ordered to produce, within ten (10) days of the date of this order, the first seven items specified in the letter of October 8, 1987 of paralegal Candas Larger.

It is So Ordered.